FILED ___ LODGED
___ RECEIVED
OCT 30 2018
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Magistrate Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRENTON M. PERRY,<br><br>Defendant. | No. CR18-5113<br><br>FINDINGS AND ORDER ACCEPTING DEFENDANT FOR DEFERRED PROSECUTION, APPROVING TREATMENT PLAN, AND DIRECTING DEFENDANT TO TAKE TREATMENT AS PRESCRIBED |

THIS MATTER, coming on for hearing this 30 day of oct, 2018 upon the defendant's Petition for Deferred Prosecution; the defendant appearing in person and by James B. Feldman, Attorney at Law; the United States of America being represented by Barbara Sievers, Assistant United States Attorney; the Court, having examined and incorporated into the record Petitioner's Petition and Statement in support of deferred prosecution, the evaluation and treatment report prepared by STOP, and the files and records herein, being fully advised in the premises, does now make and enter the following:

/ / /

/ / /

/ / /

ORDER ACCEPTING DEFERRED
PROSECUTION
(US v Trenton Perry, CR18-5113.) - 1

JAMES B. FELDMAN, P.S.C.
Attorney at Law
4947 N. Pearl Street
Ruston, WA 98407
(253) 759-4555

## I. FINDINGS OF FACT

A. On or about the 13th day of March, 2018, Petitioner was charged with the offense/offenses charged in the Information. This offense occurred as a direct result of alcoholism/chemical dependency problems;

B. Petitioner suffers from an alcohol/drug problem and is in need of treatment;

C. The probability of similar misconduct in the future is great if the problem is not treated;

D. Petitioner is amenable to treatment;

E. An effective rehabilitative treatment plan is available to Petitioner through STOP, an approved treatment facility as designated by the laws of the State of Washington, and Petitioner agrees to be liable for all costs of this treatment program;

F. That Petitioner agrees to comply with the terms and conditions of the program offered by the treatment facility as set forth in the diagnostic evaluation from STOP, attached to Statement of Petitioner filed herewith, and that Petitioner agrees to be liable for all costs of this treatment program;

G. That Petitioner has knowingly and voluntarily stipulated to the admissibility and sufficiency of the facts as contained in the written police report attached to Statement of Petitioner filed herewith.

H. That Petitioner has acknowledged the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense or offenses held subsequent to revocation of this Order Granting Deferred Prosecution and that these reports will be used to support a finding of guilt;

I. That Petitioner has acknowledged and waived the right to testify, the right to a speedy trial, the right to call witness to testify, the right to present evidence in his or her defense, and the right to a jury trial;

ORDER ACCEPTING DEFERRED
PROSECUTION
(US v Trenton Perry, CR18-5113.) - 2

JAMES B. FELDMAN, P.S.C.
Attorney at Law
4947 N. Pearl Street
Ruston, WA 98407
(253) 759-4555

From the foregoing FINDINGS OF FACT, the Court draws the following:

## II. CONCLUSIONS OF LAW

A. That the above-entitled Court has jurisdiction over the subject matter and Petitioner Trenton M. Perry, in this case;

B. That Petitioner's Petition for Deferred Prosecution meets the requirements of RCW 10.05 et seq.;

C. That the diagnostic evaluation and commitment to treatment meets the requirements of RCW 10.05.150;

D. That Petitioner is eligible for deferred prosecution.

## III. ORDER

Having made and entered the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, it is hereby

ORDERED that the defendant is accepted for deferred prosecution. The prosecution of the above-entitled matter is hereby deferred for five (5) years pursuant to RCW 10.05 et seq., upon the following terms and conditions:

A. Petitioner shall be on probation for the deferral period and follow the rules and regulations of probation;

B. Petitioner shall enroll in and successfully complete the two-year treatment program recommended by STOP according to the terms and conditions of that plan as outlined in the diagnostic evaluation, a true copy of which is attached to the Petition and incorporated herein by reference. Petitioner shall not change treatment agencies without prior Probation approval;

C. The treatment facility, STOP, shall file with the United States Probation Office status reports of Petitioner's compliance with treatment, monthly during the first

ORDER ACCEPTING DEFERRED
PROSECUTION
(US v Trenton Perry, CR18-5113.) - 3

JAMES B. FELDMAN, P.S.C.
Attorney at Law
4947 N. Pearl Street
Ruston, WA 98407
(253) 759-4555

year of the deferred prosecution period and every three (3) months during the second year. The Court may increase the frequency of these reports at its discretion;

    D.     Petitioner shall notify U.S. Probation within 72 hours of any residence change.

    E.     Petitioner shall abstain during the deferred prosecution period from any and all consumption of alcoholic beverages and/or non-prescribed mind-altering drugs;

    F.     Petitioner shall not operate a motor vehicle on the public highways without a valid operator's license and proof of liability insurance sufficient to comply with the state laws on financial responsibility;

    G.     Petitioner shall be law abiding and shall not commit any alcohol/drug related offenses or other criminal offenses during the period of deferral,

    H.     Petitioner shall notify U.S. Probation within 72 hours of being arrested, questioned, or cited by Law Enforcement;

    I.     In the event that Petitioner fails or neglects to carry out and fulfill any term or condition of his treatment plan or violates any provision of this Order or any rule or regulation of his probation officer, upon receiving notice, the Court shall hold a hearing to determine why Petitioner should not be removed from deferred prosecution and prosecuted for the offense/offenses charged;

    J.     In the event the Court finds cause to revoke this deferred prosecution, the stipulated police reports shall be admitted into evidence, and Petitioner shall have her guilt or innocence determined by the Court;

    K.     That the statement of Petitioner for Deferred Prosecution shall remain sealed, and all subsequent reports or documents relating to her treatment information shall be sealed, to maintain confidentiality of Petitioner's treatment information;

    L.     That the Department of Licensing be notified of this Order accepting the Petitioner for deferred prosecution;

ORDER ACCEPTING DEFERRED
PROSECUTION
(US v Trenton Perry, CR18-5113.) - 4

JAMES B. FELDMAN, P.S.C.
Attorney at Law
4947 N. Pearl Street
Ruston, WA 98407
(253) 759-4555

M. Upon proof of Petitioner's successful completion of five years deferral period in this Order, the Court shall dismiss the charges pending against Petitioner.

N. Additional conditions:

*The defendant may travel out of state and out of country as necessary for his employment(military service) following completion of alcohol treatment*

DONE IN OPEN COURT this 30 day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Presented by:

_____
James B. Feldman
Attorney for Petitioner

I have received a copy of the foregoing Order of Deferred Prosecution. I have read and understand its contents, and agree to abide by the terms and conditions set forth herein.

Dated: 10-30-18

_____
Trenton M. Perry
Petitioner

ORDER ACCEPTING DEFERRED
PROSECUTION
(US v Trenton Perry, CR18-5113.) - 5

JAMES B.FELDMAN, P.S.C.
Attorney at Law
4947 N. Pearl Street
Ruston, WA 98407
(253) 759-4555

I certify that a copy of this signed Order was mailed to the subject treatment facility, on **October 30**, 2018. The United States Probation Office was also furnished a copy of this Order.

_Kelly A. Miller_
Clerk

ORDER ACCEPTING DEFERRED
PROSECUTION
(US v Trenton Perry, CR18-5113.) - 6

JAMES B. FELDMAN, P.S.C.
Attorney at Law
4947 N. Pearl Street
Ruston, WA 98407
(253) 759-4555